**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**SALVATORE MAZZIO**
**MICHAEL MAZZIO and**
**MIKE'S HEAVY DUTY TOWING INC.**

                   Plaintiffs,

    - against -

**EVAN SADLER**
**JEFFREY M. PATTY,**
**JEREMY ALLEN,**
**ERIK WILKINSON, and**
**WESTERN EXPRESS INC.**

                   Defendants.

------------------------------------------------------------x

Docket No: 20-CV-314

# COMPLAINT

Plaintiffs by their attorneys, ROSEN LAW LLC for its complaint in this action, alleges as follows:

## JURISDICTION AND VENUE

1.      That the United States District Court for the Eastern District of New York has jurisdiction over the parties, pursuant to Title 28 of the United States Code §1332(a)(1) as the Plaintiffs and Defendants are citizens of different states and supplemental jurisdiction pursuant to Title 28 of the United States Code §1167, which provides the District Court with jurisdiction based on diversity of citizenship.

2.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      The United States District Court for the Eastern District of New York has venue pursuant to Title 28 of the United States Code §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

**of property that is the subject of the action is situated within in the Eastern District of New York.**

4.       Plaintiff demands a jury trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR DEFAMATION

5.       Plaintiff Salvatore Mazzio is an individual residing in Howard Beach, County of Queens, City and State of New York.

6.       Plaintiff Michael Mazzio is an individual residing in Howard Beach, County of Queens, City and State of New York.

7.       Plaintiff Mike's Heavy Duty Towing, Inc., is a corporation, organized and existing under the laws of the State of New York, with its principal place of business located at 816 Liberty Avenue, County of Kings, City and State of New York.

8.       At all relevant times as set forth in this complaint, Plaintiff Salvatore Mazzio was an agent of Plaintiff Mike's Heavy Duty Towing, Inc.

9.       At all relevant times as set forth in this complaint, Plaintiff Michael Mazzio was an agent of Plaintiff Mike's Heavy Duty Towing, Inc.

10.      Upon information and belief, Defendant Evan Sadler is an individual residing in and is a citizen of the State of Tennessee, residing at 12 Archway Circle 12, Dickson, Tennessee 37055.

11.      Upon information and belief, Defendant Jeffrey M. Patty is an individual residing in and is a citizen of the State of Tennessee, residing at 138 Shawn Drive, Gallatin, Tennessee 37066.

12.     Upon information and belief, Defendant Jeremy Allen is an individual residing in and is a citizen of the State of Tennessee, with his principal place of business located at Defendant Western Express Inc., 7135 Centennial Place, Nashville, Tennessee.

13.     Upon information and belief, Defendant Erik Wilkinson is an individual residing in and is a citizen of the State of Tennessee, residing at 1201 Montgomery Avenue, Nashville, Tennessee 37207.

14.     Upon information and belief, Defendant Western Express Inc., is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located at 7135 Centennial Place, Nashville, Tennessee.

15.     Upon information and belief, at all relevant times as set forth in this complaint, Defendant Evan Sadler was and is an employee and agent of Defendant Western Express Inc.

16.     Upon information and belief, at all relevant times as set forth in this complaint, Defendant Jeffrey M. Patty was and is an employee and agent of Defendant Western Express Inc.

17.     Upon information and belief, at all relevant times as set forth in this complaint, Defendant Jeremy Allen was and is an employee and agent of Defendant Western Express Inc.

18.     Upon information and belief, at all relevant times as set forth in this complaint, Defendant Erik Wilkinson was and is an employee and agent of Defendant Western Express Inc.

19.     Defendant Western Express Inc. is liable for the actions, including the tortious acts, of its employees, including but not limited to Defendant Evan Sadler.

20.     Defendant Western Express Inc. is liable for the actions, including the tortious acts, of its employees, including but not limited to Defendant Jeremy Allen.

21.     Defendant Western Express Inc. is liable for the actions, including the tortious acts, of its employees, including but not limited to Defendant Jeffrey M. Patty.

22.     Defendant Western Express Inc. is liable for the actions, including the tortious acts, of its employees, including but not limited to Defendant Erik Wilkinson.

23.     Between June 10, 2019 and the present date, Defendant Western Express Inc. committed tortious acts against Plaintiffs.

24.     Between June 10, 2019 and the present date, Defendant Evan Sadler committed tortious acts against Plaintiffs.

25.     Between June 10, 2019 and the present date, Defendant Jeffrey M. Patty committed tortious acts against Plaintiffs.

26.     Between June 10, 2019 and the present date, Defendant Jeremy Allen committed tortious acts against Plaintiffs.

27.     Between June 10, 2019 and the present date, Defendant Erik Wilkinson committed tortious acts against Plaintiffs.

28.     Between June 10, 2019 and the present date, Plaintiff Mike's Heavy Duty Towing, Inc. was and is engaged in the business of towing of passenger vehicles and commercial vehicles.

29.     Between June 10, 2019 and the present date, Plaintiff Mike's Heavy Duty Towing, Inc. was and is engaged in the business of towing of vehicles in interstate commerce.

30.     On June 10, 2019, Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express to tow a 2016 White Commercial Tractor Trailer bearing

Tennessee license plate number E8054HY (the "Truck") at the specific request of Defendant Western Express Inc.

31.     Upon information and belief, on June 10, 2019, Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express to tow a 2016 White Commercial Tractor Trailer bearing Tennessee license plate number E8054HY (the "Truck") at the specific request of Defendant Defendant Evan Sadler.

32.     Upon information and belief, on June 10, 2019, Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express to tow the Truck at the specific request of Defendant Jeffrey M. Patty.

33.     Upon information and belief, on June 10, 2019, Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express to tow the Truck at the specific request of Defendant Jeremy Allen.

34.     Upon information and belief, on June 10, 2019, Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express to tow the Truck at the specific request of Defendant Erik Wilkinson.

35.     On June 10, 2019, Plaintiff Salvatore Mazzio received a telephone call from a towing company stating that the New York City Police Department contacted them to remove the Truck from the Clearview Express and 26th Avenue in Queens County, City and State of New York and/or the Clearview Express and Northern Boulevard in Queens County, City and State of New York (the "Tow Location").

36.     On June 10, 2019, Plaintiff Salvatore Mazzio received a telephone call from a towing company stating that they were unable to remove the Truck owned and/or operated by

Defendant Western Express Inc. from the Tow Location and asked if Plaintiff Mike's Heavy Duty Towing Inc. would be able to remove the Truck from the Tow Location.

37.     On or about June 10, 2019, Plaintiff Salvatore Mazzio sent and/or attempted to send photographs of the Truck via cellular phone text messaging and/or via email to employees of Defendant Western Express Inc. to show the condition of the Truck, at the request of employees of Defendant Western Express Inc.

38.     On or about June 10, 2019, Plaintiff Salvatore Mazzio sent, and/or attempted to send photographs of the Truck via cellular phone text messaging and/or via email to employees of Defendant Western Express Inc. and Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc., obtained the consent of Defendant Western Express Inc. to remove the Truck from the Truck Location for which Defendant Western Express Inc. agreed to pay towing and/or removal charges to Plaintiff Mike's Heavy Duty Towing Inc.

39.     On June 10, 2019, at approximately 5:30 p.m., Plaintiff Salvatore Mazzio attempted to send photos of the Truck to Jeffrey M. Patty at Defendant Western Express Inc. via email but the email address jpatty@westerexp.com was incorrect.

40.     On June 10, 2019, Plaintiff Salvatore Mazzio actually sent a photo of the Truck to Defendant Evan Sadler via email at onroaddealer@westerexp.com and the email message was received by Defendant Evan Sadler.

41.     On June 10, 2019 at approximately 5:32 p.m., Plaintiff Salvatore Mazzio contacted Defendant Western Express Inc. by telephone from Plaintiff Salvatore Mazzio's cell phone to telephone number 866-889-5580, and Plaintiff Salvatore Mazzio spoke with Defendant Jeffrey M. Patty and/or Defendant Evan Sadler for approximately five minutes

concerning the towing of and costs of removal of the Truck by Plaintiff Mike's Heavy Duty Towing Inc.

42. On June 10, 2019 at approximately 5:32 p.m., Defendant Jeffrey M. Patty and Defendant Evan Sadler authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 5 minute telephone conversation.

43. On June 10, 2019 at approximately 6:44 p.m., Plaintiff Salvatore Mazzio spoke to Defendant Jeffrey M. Patty and/or Defendant Evan Sadler via telephone by call to telephone number 866-889-5580, wherein Defendant Jeffrey M. Patty and Defendant Evan Sadler authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 3 minute telephone conversation.

44. On June 10, 2019 at approximately 6:47 p.m., Plaintiff Salvatore Mazzio spoke to Defendant Jeffrey M. Patty and/or Defendant Evan Sadler via telephone by call to telephone number 866-889-5580, wherein Defendant Jeffrey M. Patty and Defendant Evan Sadler authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 4 minute telephone conversation.

45. On June 10, 2019 at approximately 6:57 p.m., Plaintiff Salvatore Mazzio spoke to Defendant Jeffrey M. Patty and/or Defendant Evan Sadler via telephone by call to telephone number 866-889-5580, wherein Defendant Jeffrey M. Patty and Defendant Evan Sadler authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 4 minute telephone conversation.

46. On June 10, 2019 at approximately 7:00 p.m., Plaintiff Salvatore Mazzio spoke to Defendant Jeffrey M. Patty and/or Defendant Evan Sadler for approximately 14

minutes via telephone by call to telephone number 866-889-5580, wherein Defendant Jeffrey M. Patty and Defendant Evan Sadler authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck.

47.    On June 12, 2019 at approximately 10:18 am, Defendant Jeremy Allen of Defendant Western Express Inc. stated in an email to Plaintiff Mike's Heavy Duty Towing Inc.: "Did you send over the invoice? I never received it".

48.    On June 12, 2019, Plaintiff Mike's Heavy Duty Towing Inc. provided an invoice to Defendant Western Express Inc. for the services provided by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc. in the amount of $12,374.73, which was received by Defendant Western Express Inc. and never disputed.

49.    On June 10, 2019, at the request of Defendant Western Express Inc., Plaintiff Mike's Heavy Duty Towing Inc. purchased four rims and tires for Defendant Western Express Inc.'s Truck in order to transport the Truck from the Tow Location to the storage facility of Plaintiff Mike's Heavy Duty Towing Inc.

50.    Upon information and belief, Defendant Jeremy Allen, at all relevant times as set forth in this complaint was the Assets Manager of Defendant Western Express Inc.

51.    Upon information and belief, Defendant Erik Wilkinson, at all relevant times as set forth in this complaint was the Director of Extended Operations and/or Onroad Service Manager of Defendant Western Express Inc.

52.    On June 12, 2019 at approximately 8:48 am, Defendant Jeremy Allen of Defendant Western Express Inc. stated in an email from jallen@westernexp.com to Plaintiff Mike's Heavy Duty Towing Inc. at mike@mikeshdt.com: "Danyel Moss in truck 29391 will be coming to pick up the trailer. Will take care of the current bill here shortly".

53.     Defendant Western Express Inc. agreed to pay Plaintiff Mike's Heavy Duty Towing Inc. for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc.  provided to Defendant Western Express Inc. for the Truck.

54.     Upon information and belief, between June 10, 2019 and July 31, 2019, Defendant Evan Sadler was the on-road dealer coordinator for Defendant Western Express Inc.

55.     Upon information and belief, between June 10, 2019 and July 31, 2019, Defendant Jeffrey M. Patty was the on-road service coordinator for Defendant Western Express Inc.

56.     Upon information and belief, between June 10, 2019 and July 31, 2019, Defendant Jeremy Allen was the asset manager for Defendant Western Express Inc.

57.     Upon information and belief, on or about June 12, 2019, Defendant Evan Sadler made a complaint to the New York City Police Department, stating that Defendant Western Express Inc. received an invoice from Plaintiff Mike's Heavy Duty Towing, Inc. in the amount of $14,824.42 for the removal of a tractor and/or trailer owned and/or operated by Defendant Western Express Inc. from the Tow Location.

58.     Upon information and belief, on or about June 12, 2019, Defendant Evan Sadler made a complaint to the New York City Police Department, stating that Defendant Western Express Inc. did not request Plaintiff Mike's Heavy Duty Towing, Inc. to tow and/or remove a tractor and/or trailer owned and/or operated by Defendant Western Express Inc. from the Tow Location or from any other location.

59.     On or about June 10, 2019, Defendant Western Express Inc. requested that Plaintiff Mike's Heavy Duty Towing, Inc. tow and/or remove a disabled tractor and/or trailer owned and/or operated by Defendant Western Express Inc. from the Tow Location.

60.     On or about June 10, 2019, at the specific instance and requests of Defendant Western Express Inc., Plaintiff Mike's Heavy Duty Towing, Inc. agreed to and did in fact remove a disabled tractor and/or trailer owned and/or operated by Defendant Western Express Inc. from the Tow Location.

61.     On or about June 10, 2019, New York City Police Officer Gary Minutolo arrived at the Tow Location to inspect the tractor trailer truck, which Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

62.     On or about June 10, 2019, New York City Police Officer Gary Minutolo spoke to Plaintiff Salvatore Mazzio at the Tow Location, and Plaintiff Salvatore Mazzio stated that Plaintiff Mike's Heavy Duty Towing, Inc. was hired by Defendant Western Express Inc. to tow and/or remove from the Tow Location.

63.     Although Defendant Western Express Inc. requested that Plaintiff Mike's Heavy Duty Towing, Inc. tow and/or remove the Truck from the Tow Location, upon information and belief, Defendant Western Express Inc. and its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and Defendant Erik Wilkinson, knowingly, frivously and falsely told the New York City Police Department that Plaintiff Mike's Heavy Duty Towing, Inc. stole the Truck, and that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or

authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

64.      Upon information and belief, Defendant Western Express Inc. filed a complaint with the New York City Police Department claiming that the Truck was stolen by Plaintiff Mike's Heavy Duty Towing, Inc.

65.      Upon information and belief, Defendant Western Express Inc. filed a complaint with the New York City Police Department claiming that the Truck was stolen by Plaintiff Salvatore Mazzio.

66.      Upon information and belief, Defendant Western Express Inc. filed a complaint with the New York City Police Department claiming that the Truck was stolen by Plaintiff Michael Mazzio.

67.      Upon information and belief, Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson spoke to New York City Police Officers, including but not limited to Police Officer Gary Minutolo stating to a New York City Police Officer that Plaintiff Mike's Heavy Duty Towing Inc. stole the Truck.

68.      Upon information and belief, Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, spoke to New York City Police Officers, including but not limited to Police Officer Gary Minutolo stating to a New York City Police Officer that Plaintiff Salvatore Mazzio stole the Truck.

69.     Upon information and belief, Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, spoke to New York City Police Officers, including but not limited to Police Officer Gary Minutolo stating to a New York City Police Officer that Plaintiff Michael Mazzio stole the Truck.

70.     Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, made a frivously and false report to the New York City Police Department stating that a Plaintiff and/or Plaintiffs stole the Truck.

71.     Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, knowingly made a frivously and false report to the New York City Police Department stating that a Plaintiff and/or Plaintiffs stole the Truck.

72.     Defendant Western Express Inc. and/or its employees, agents, and representatives, including but not limited to Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, knowingly made a frivously and false report to the New York City Police Department stating that a Plaintiff and/or Plaintiffs stole the Truck to cause harm to Plaintiffs.

73.     On or about June 12, 2019, Defendant Evan Sadler had a telephone conversation with Plaintiff Michael Mazzio concerning the Truck.

74.     On or about June 12, 2019, Defendant Evan Sadler had a telephone conversation with Plaintiff Michael Mazzio concerning the Truck, wherein Plaintiff Michael Mazzio requested that Defendant Western Express Inc. pay Plaintiff Mike's Heavy Duty Towing Inc. the charges incurred by Defendant Western Express Inc. for the towing and/or removal of the Truck from the Tow Location by Plaintiff Mike's Heavy Duty Towing Inc.

75.     Defendant Western Express Inc. refused to pay Plaintiff Mike's Heavy Duty Towing Inc. for the towing and/or removal charges incurred by Defendant Western Express Inc. for the services provided by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc.

76.     On or about June 11, 2019, Defendant Evan Sadler made a frivously and false statements and complaints to the New York City Police Department by stating that Plaintiff Mike's Heavy Duty Towing Inc. was not hired by Defendant Western Express Inc. for the towing and/or removal of the Truck from the Tow Location.

77.     On July 8, 2019 at 4:16 p.m., Defendant Erik Wilkinson sent an email from ewilkinson@westernexp.com to Plaintiff Mike's Heavy Duty Towing Inc. at mmazzio2002@aol.com stating "Mike, this email will confirm our phone conversation regarding invoice #184970 that we will overnight the check for $5,000 and have the courier deliver tomorrow".

78.     Based on Defendant Erik Wilkinson's email of July 8, 2019, Defendant Western Express Inc. acknowledged that Plaintiff Mike's Heavy Duty Towing Inc. provided services to Defendant Western Express Inc. for which monies were due to Plaintiff Mike's Heavy Duty Towing Inc.

79.     When Defendant Evan Sadler made the statements and complaints to the New York City Police Department that Plaintiff Mike's Heavy Duty Towing Inc. was not hired by Defendant Western Express Inc. for the towing and/or removal of the Truck from the Tow Location, Defendant Evan Sadler knew that such statements were frivously and false.

80.     On or about July 11, 2019, Plaintiff Salvatore Mazzio was arrested by the New York City Police Department and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree, charged with stealing the Truck.

81.     Plaintiff Salvatore Mazzio was arrested by the New York City Police Department and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree solely based on the frivously and false complaint made by Defendant Evan Sadler to the New York City Police Department.

82.     If Defendant Evan Sadler had not made a frivously and false complaint and/or frivously and false statements to the New York City Police Department, Plaintiff Salvatore Mazzio would not have been arrested by the New York City Police Department.

83.     As a result of the frivously and false complaint and/or frivously and false statements made by Defendant Evan Sadler to the New York City Police Department, Plaintiff Salvatore Mazzio's liberty and freedom was taken and Plaintiff Salvatore Mazzio was charge with a crime, incurred substantial legal fees and costs due to an arrest based on

Defendant Evan Sadler's frivously and false statements and suffered the intentional and/or reckless infliction of emotional distress.

84.     On or about July 11, 2019, Plaintiff Michael Mazzio was arrested by the New York City Police Department and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree, charged with stealing the Truck.

85.     Plaintiff Michael Mazzio was arrested by the New York City Police Department and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree solely based on the frivously and false complaint made by Defendant Evan Sadler to the New York City Police Department.

86.     If Defendant Evan Sadler had not made a frivously and false complaint and/or a frivously and false statements to the New York City Police Department, Plaintiff Michael Mazzio would not have been arrested by the New York City Police Department.

87.     As a result of the frivously and false complaint and/or frivously and false statements made by Defendant Evan Sadler to the New York City Police Department, Plaintiff Michael Mazzio's liberty and freedom was taken and Plaintiff Michael Mazzio was charge with a crime, incurred substantial legal fees and costs due to an arrest based on Defendant Evan Sadler's frivously and false statements and suffered the intentional and/or reckless infliction of emotional distress.

88.     Prior to June 10, 2019, Defendant Western Express Inc. had conducted business with Plaintiff Mike's Heavy Duty Towing Inc. and/or with Apple Towing Co., Inc. a company owned by Plaintiff Salvatore Mazzio more than 250 times.

89.     Prior to June 10, 2019, Defendant Western Express Inc. had regularly conducted business with, and/or hired Plaintiff Mike's Heavy Duty Towing Inc. and/or with Apple Towing Co., Inc. for towing and/or truck removal services in New York City.

90.     Upon information and belief, Defendant Western Express Inc. engaged in a regular course of conduct of business with Plaintiff Mike's Heavy Duty Towing Inc.

91.     Upon information and belief, Defendant Western Express Inc. engaged in a regular course of conduct of business with Apple Towing Co., Inc., a companay owned by Plaintiff Salvatore Mazzio.

92.     Defendant Western Express Inc. made a frivolous and false complaint to the New York City Police Department in order to avoid paying Plaintiff Mike's Heavy Duty Towing Inc. the sum of $14,824.42 for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc. provided to Defendant Western Express Inc.

93.     Upon information and belief, Defendant Evan Sadler made a frivolous and false complaint to the New York City Police Department in order to for Defendant Western Express Inc. to avoid having to pay Plaintiff Mike's Heavy Duty Towing Inc. the sum of $14,824.42 for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc. provided to Defendant Western Express Inc.

94.     Upon information and belief, Defendant Jeffrey M. Patty made a frivolous and false complaint to the New York City Police Department in order to for Defendant Western Express Inc. to avoid having to pay Plaintiff Mike's Heavy Duty Towing Inc. the sum of

$14,824.42 for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc. provided to Defendant Western Express Inc.

95.     Upon information and belief, Defendant Jeremy Allen made a frivolous and false complaint to the New York City Police Department in order to for Defendant Western Express Inc. to avoid having to pay Plaintiff Mike's Heavy Duty Towing Inc. the sum of $14,824.42 for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc. provided to Defendant Western Express Inc.

96.     Upon information and belief, Defendant Erik Wilkinson made a frivolous and false complaint to the New York City Police Department in order to for Defendant Western Express Inc. to avoid having to pay Plaintiff Mike's Heavy Duty Towing Inc. the sum of $14,824.42 for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc. provided to Defendant Western Express Inc.

97.     All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint of Defendant Evan Sadler were dismissed by the Queens County District Attorney's Office.

98.     All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint of Defendant Jeffrey M. Patty were dismissed by the Queens County District Attorney's Office.

99.     All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint of Defendant Jeremy Allen were dismissed by the Queens County District Attorney's Office.

100.   All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint of Defendant Erik Wilkinson were dismissed by the Queens County District Attorney's Office.

101.   All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint of Defendant Western Express Inc. were dismissed by the Queens County District Attorney's Office.

102.   All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint of Defendant Evan Sadler were dismissed by the Queens County District Attorney's Office.

103.   All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint of Defendant Jeffrey M. Patty were dismissed by the Queens County District Attorney's Office.

104.   All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint of Defendant Jeremy Allen were dismissed by the Queens County District Attorney's Office.

105.   All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint of Defendant Erik Wilkinson were dismissed by the Queens County District Attorney's Office.

106.   All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint of Defendant Western Express Inc. were dismissed by the Queens County District Attorney's Office.

107.    Defendant Evan Sadler made oral statements of a fact that was false to the New York City Police Department which constituted slander per se.

108.    Defendant Jeffrey M. Patty made oral statements of a fact that was false to the New York City Police Department which constituted slander per se.

109.    Defendant Jeremy Allen made oral statements of a fact that was false to the New York City Police Department which constituted slander per se.

110.    Defendant Erik Wilkinson made oral statements of a fact that was false to the New York City Police Department which constituted slander per se.

111.    Defendant Western Express Inc. is liable to Plaintiffs for the defamatory statements made by Defendant Evan Sadler, Defendant Jeffrey M. Patty, Defendant Jeremy Allen and/or Defendant Erik Wilkinson, of a fact that was false to the New York City Police Department which constituted slander per se.

112.    Plaintiffs did not authorize Defendants to make any statements to the New York City Police Department wherein Defendants stated that Plaintiffs stole the Truck and/or towed and/or removed the Truck without Defendant Western Express Inc.'s consent.

113.    Defendants caused harm to Plaintiffs.

114.    By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF FOR CIVIL CONSPIRACY

115.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "114" of this complaint, with the same force and effect as if more fully set forth at length herein.

116.    Upon information and belief, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson entered into an agreement.

117.    Upon information and belief, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson entered into an agreement with a detective and/or detectives with the New York City Police Department referred to herein as Detective Jaime Doe.

118.    Upon information and belief, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson entered into an agreement with Detective Stephen Tesoriero of the New York City Police Department.

119.    Upon information and belief, in furtherance of their agreement, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson made false statements to the New York City Police Department including but not limited to Detective Stephen Tesoriero, which statements were that Plaintiffs did not have authority to tow and/or remove the Truck.

120.    Upon information and belief, in furtherance of their agreement, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson made false statements to the New York City Police Department, including but not limited to Detective Stephen Tesoriero, which statements were that Plaintiffs stole the Truck.

121.    Upon information and belief, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson intentionally participated in the furtherance of the plan to make false statements to the New York City Police Department, including but not limited to Detective Stephen Tesoriero, which statements included that Plaintiffs stole the Truck and/or that Plaintiffs did not have authority to tow and/or remove the Truck, in order to have Defendants Western Express Inc. avoid paying Plaintiff Mike's Heavy Duty Towing Inc. for the towing and/or the removal of the Truck.

122.    Upon information and belief, Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson intentionally participated in the furtherance of the plan to make false statements to the New York City Police Department at the direction of detectives of the New York City Police Department, including Detective Jaime Doe and Detective Stephen Tesoriero, in which such statements were made by Defendants in order to assist the New York City Police Department obtaining cause to arrest Plaintiff Salvatore Mazzio and Plaintiff Michael Mazzio for crimes which they did not commit.

123.    As a result of the conspiracy between Defendants Western Express Inc., Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson, Detective Jaime Doe and/or Detective Stephen Tesoriero, Plaintiffs suffered damages and injuries.

124.    By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

**AS AND FOR A THIRD CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION**
**OF EMOTIONAL DISTRESS BY PLAINTIFF SALVATORE MAZZIO AND**
**PLAINITFF MICHAEL MAZZIO**

125.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "124" of this complaint, with the same force and effect as if more fully set forth at length herein.

126.    Defendants' making of a false statements to the New York City Police Department that Plaintiffs stole the Truck and/or towed and/or removed the Truck without Defendant Western Express Inc.'s consent was extreme and outrageous conduct.

127.    Defendants' making of a false statements to the New York City Police Department that Plaintiffs stole the Truck and/or towed and/or removed the Truck without Defendant Western Express Inc.'s consent was extreme and outrageous conduct which intended to cause and/or disregarded the substantial probability of causing severe emotional distress to Plaintiff Salvatore Mazzio and Plaintiff Michael Mazzio.

128.    Defendants' making of a false statements to the New York City Police Department was a causal connection between the conduct of the Defendants and the injuries suffered by Plaintiff Salvatore Mazzio and Plaintiff Michael Mazzio.

129.    Plaintiff Salvatore Mazzio and Plaintiff Michael Mazzio suffered severe emotional distress by the false statements made by Defendants to the New York City Police Department and the subsequent arrest of Plaintiff Salvatore Mazzio and Plaintiff Michael Mazzio by the New York City Police Department based on the frivolous and false statements made by Defendants that Plaintiffs stole the Truck and/or towed and/or removed the Truck without Defendant Western Express Inc.

130.     By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

### AS AND FOR A FOURTH CLAIM FOR RELIEF FOR FRAUD

131.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "130" of this complaint, with the same force and effect as if more fully set forth at length herein.

132.     Defendants made a representation to Plaintiffs that if Plaintiff Mike's Heavy Duty Towing Inc. would tow and/or remove the Truck, then Defendant Western Express Inc. would pay money to Plaintiff Mike's Heavy Duty Towing Inc. for the services rendered by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc.

133.     Defendants had no intention of paying or causing Defendant Western Express Inc. to pay Plaintiff Mike's Heavy Duty Towing Inc. for the services rendered by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc.

134.     Defendants knew that the statements that Defendant Western Express Inc. would pay Plaintiff Mike's Heavy Duty Towing Inc. for the services rendered by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc. was false when made.

135.     When Defendants stated that Defendant Western Express Inc. would pay Plaintiff Mike's Heavy Duty Towing Inc. for the services rendered by Plaintiff Mike's Heavy Duty Towing Inc., Plaintiffs justifiably relied upon the statements by Defendants that Defendant Western Express Inc. would pay Plaintiff Mike's Heavy Duty Towing Inc. for the services rendered by Plaintiff Mike's Heavy Duty Towing Inc.

136.    Plaintiffs were damaged by the fraud and fraudulent representations made by Defendants to Plaintiffs.

137.    By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A FIFTH CLAIM FOR RELIEF FOR INJURIOUS FALSEHOOD

138.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "137" of this complaint, with the same force and effect as if more fully set forth at length herein.

139.    Upon information and belief, Defendant Evan Sadler made a malicious false statements to the New York City Police Department stating that that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

140.    Upon information and belief, Defendant Evan Sadler made a malicious false statements to the New York City Police Department stating that that Plaintiff Salvatore Mazzio stole the Truck.

141.    Upon information and belief, Defendant Evan Sadler made a malicious false statements to the New York City Police Department stating that that Plaintiff Michael Mazzio stole the Truck.

142.    Upon information and belief, Defendant Jeffrey M. Patty made a malicious false statements to the New York City Police Department stating that that Plaintiff Mike's

Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

143.     Upon information and belief, Defendant Jeffrey M. Patty made a malicious false statements to the New York City Police Department stating that that Plaintiff Salvatore Mazzio stole the Truck.

144.     Upon information and belief, Defendant Jeffrey M. Patty made malicious false statements to the New York City Police Department stating that that Plaintiff Michael Mazzio stole the Truck.

145.     Upon information and belief, Defendant Jeremy Allen made malicious false statements to the New York City Police Department stating that that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

146.     Upon information and belief, Defendant Jeremy Allen made malicious false statements to the New York City Police Department stating that that Plaintiff Salvatore Mazzio stole the Truck.

147.     Upon information and belief, Defendant Jeremy Allen made malicious false statements to the New York City Police Department stating that that Plaintiff Michael Mazzio stole the Truck.

148.     Upon information and belief, Defendant Erik Wilkinson made malicious false statements to the New York City Police Department stating that that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

149.    Upon information and belief, Defendant Erik Wilkinson made malicious false statements to the New York City Police Department stating that that Plaintiff Salvatore Mazzio stole the Truck.

150.    Upon information and belief, Defendant Erik Wilkinson made malicious false statements to the New York City Police Department stating that that Plaintiff Michael Mazzio stole the Truck.

151.    Upon information and belief, Defendant Western Express Inc. made malicious false statements to the New York City Police Department stating that that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location.

152.    Upon information and belief, Defendant Western Express Inc. made malicious false statements to the New York City Police Department stating that that Plaintiff Salvatore Mazzio stole the Truck.

153.    Upon information and belief, Defendant Western Express Inc. made malicious false statements to the New York City Police Department stating that that Plaintiff Michael Mazzio stole the Truck.

154.    The false statements made by, upon information and belief, Defendant Evan Sadler to the New York City Police Department, that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location was made with the intent to harm the Plaintiffs, or was recklessly made without regard to the consequences of such false statements.

155.    The false statements made by, upon information and belief, Defendant Evan Sadler to the New York City Police Department, resulted in the arrest of Plaintiff Salvatore Mazzio.

156.    The false statements made by, upon information and belief, Defendant Evan Sadler to the New York City Police Department, resulted in the arrest of Plaintiff Michael Mazzio.

157.    The false statements made by, upon information and belief, Defendant Jeffrey M. Patty to the New York City Police Department, that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location was made with the intent to harm the Plaintiffs, or was recklessly made without regard to the consequences of such false statements.

158.    The false statements made by, upon information and belief, Defendant Jeffrey M. Patty to the New York City Police Department, resulted in the arrest of Plaintiff Salvatore Mazzio.

159.    The false statements made by, upon information and belief, Defendant Jeffrey M. Patty to the New York City Police Department, resulted in the arrest of Plaintiff Michael Mazzio.

160.    The false statements made by, upon information and belief, Defendant Jeremy Allen to the New York City Police Department, that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location was made with the intent to harm the Plaintiffs, or was recklessly made without regard to the consequences of such false statements.

161.    The false statements made by, upon information and belief, Defendant Jeremy Allen to the New York City Police Department, resulted in the arrest of Plaintiff Salvatore Mazzio.

162.    The false statements made by, upon information and belief, Defendant Jeremy Allen to the New York City Police Department, resulted in the arrest of Plaintiff Michael Mazzio.

163.    The false statements made by, upon information and belief, Defendant Erik Wilkinson to the New York City Police Department, that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location was made with the intent to harm the Plaintiffs, or was recklessly made without regard to the consequences of such false statements.

164.    The false statements made by, upon information and belief, Defendant Erik Wilkinson to the New York City Police Department, resulted in the arrest of Plaintiff Salvatore Mazzio.

165.    The false statements made by, upon information and belief, Defendant Erik Wilkinson to the New York City Police Department, resulted in the arrest of Plaintiff Michael Mazzio.

166.    A reasonably prudent person would have or should have anticipated that by making a false statement or statements to the New York City Police Department stating that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by Defendant Western Express Inc. to tow and/or remove the Truck from the Tow Location would result in damages to the Plaintiffs.

167.     By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

168.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "167" of this complaint, with the same force and effect as if more fully set forth at length herein.

169.     Defendant Western Express Inc. commenced and continued a criminal proceeding against Plaintiff Salvatore Mazzio in the Criminal Court of the City of New York, County of Queens, Case Number CR-021914-19QN (the "Salvatore Mazzio Criminal Case").

170.     Defendant Western Express Inc. commenced and continued a criminal proceeding against Plaintiff Michael Mazzio in the Criminal Court of the City of New York, County of Queens, Case Number CR-021914-19QN (the "Michael Mazzio Criminal Case").

171.     The prosecution of the Salvatore Mazzio Criminal Case terminated in favor of Plaintiff Salvatore Mazzio.

172.     The prosecution of the Salvatore Mazzio Criminal Case terminated in favor of Plaintiff Michael Mazzio.

173.     There was the absence of probable cause to have Plaintiff Salvatore Mazzio arrested under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree, charged with stealing the

Truck, as the Truck was towed and/or removed by Plaintiff Mike's Heavy Duty Towing Inc. with the knowledge and consent of Defendant Western Express Inc.

174.    There was the absence of probable cause to have Plaintiff Michael Mazzio arrested under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree, charged with stealing the Truck, as the Truck was towed and/or removed by Plaintiff Mike's Heavy Duty Towing Inc. with the knowledge and consent of Defendant Western Express Inc.

175.    There was actual malice by Defendant Western Express Inc. in filing a complaint with the New York City Police Department and by Defendant Western Express Inc.'s commencement and continuation of a criminal proceeding against Plaintiff Salvatore Mazzio in the Salvatore Mazzio Criminal Case.

176.    There was actual malice by Defendant Evan Sadler in filing a complaint with the New York City Police Department and by Defendant Western Express Inc.'s commencement and continuation of a criminal proceeding against Plaintiff Salvatore Mazzio in the Michael Mazzio Criminal Case.

177.    There was actual malice by Defendant Jeffrey M. Patty in filing a complaint with the New York City Police Department and by Defendant Western Express Inc.'s commencement and continuation of a criminal proceeding against Plaintiff Salvatore Mazzio in the Michael Mazzio Criminal Case.

178.    There was actual malice by Defendant Jeremy Allen in filing a complaint with the New York City Police Department and by Defendant Western Express Inc.'s

commencement and continuation of a criminal proceeding against Plaintiff Salvatore Mazzio in the Michael Mazzio Criminal Case.

179. By reason of the foregoing, Plaintiffs have been damaged by Defendants, and demand judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP AGAINST DEFENDANTS EVAN SADLER, JEFFREY M. PATTY AND JEREMY ALLEN

180. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "179" of this complaint, with the same force and effect as if more fully set forth at length herein.

181. There was the existence of a valid contract between the Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc. for Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck from the Tow Location.

182. Defendant Evan Sadler had personal knowledge of the contract between between the Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

183. Defendant Jeffrey M. Patty had personal knowledge of the contract between between the Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

184. Defendant Jeremy Allen had personal knowledge of the contract between between the Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

185. Defendant Evan Sadler intentionally procured Defendant Western Express Inc.'s breach of the contract without justification.

186.    Defendant Jeffrey M. Patty intentionally procured Defendant Western Express Inc.'s breach of the contract without justification.

187.    Defendant Jeremy Allen intentionally procured Defendant Western Express Inc.'s breach of the contract without justification.

188.    Defendant Western Express Inc. actually breached the contract with Plaintiff Mike's Heavy Duty Towing Inc. by Defendant Western Express Inc. having failed to pay Plaintiff Mike's Heavy Duty Towing Inc. for the work, labor and services that Plaintiff Mike's Heavy Duty Towing Inc.  provided to Defendant Western Express Inc. for the towing and/or the removal of the Truck from the Tow Location.

189.    Plaintiff Mike's Heavy Duty Towing Inc. suffered damages resulting from Defendant Evan Sadler's tortious interference with the contract between Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

190.    Plaintiff Mike's Heavy Duty Towing Inc. suffered damages resulting from Defendant Jeffrey M. Patty's tortious interference with the contract between Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

191.    Plaintiff Mike's Heavy Duty Towing Inc. suffered damages resulting from Defendant Jeremy Allen's tortious interference with the contract between Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc.

192.    By reason of the foregoing, Plaintiff Mike's Heavy Duty Towing Inc. has been damaged by Defendants, and demand judgment against Defendant Evan Sadler, Defendant Jeffrey M. Patty and Defendant Jeremy Allen and against Defendant Western Express Inc. as the employers of Defendant Evan Sadler, Defendant Jeffrey M. Patty and Defendant Jeremy

Allen, in an amount to be determined at trial but anticipated to be no less than $75,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT AGAINST DEFENDANT WESTERN EXPRESS INC.

193.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "192" of this complaint, with the same force and effect as if more fully set forth at length herein.

194.    There was the existence of a valid contract between the Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc. for Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck from the Tow Location.

195.    Plaintiff Mike's Heavy Duty Towing Inc. performed the terms of the contract with Defendant Western Express Inc. by Plaintiff Mike's Heavy Duty Towing Inc.'s towing and/or the removal of the Truck from the Tow Location.

196.    Defendant Western Express Inc. failed to perform its obligations under the contract, by the failure of Defendant Western Express Inc. to pay Plaintiff Mike's Heavy Duty Towing Inc. for the towing and other services provided by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc.

197.    Plaintiff Mike's Heavy Duty Towing Inc. suffered damages as a result of Defendant Western Express Inc.'s breach of contract.

198.    By reason of the foregoing, Plaintiff Mike's Heavy Duty Towing Inc. has been damaged by Defendants, and demand judgment against Defendant Western Express Inc. in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees.

## <u>AS AND FOR A NINTH CLAIM FOR RELIEF FOR UNJUST ENRICHMENT<br>AGAINST DEFENDANT WESTERN EXPRESS INC.</u>

199.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "198" of this complaint, with the same force and effect as if more fully set forth at length herein.

200.   Defendant Western Express Inc. benefitted at Plaintiff Mike's Heavy Duty Towing Inc.'s expense by Plaintiff Mike's Heavy Duty Towing Inc. towing and/or removing the Truck from the Tow Location at the specific instance and request of Defendant Western Express Inc.

201.   Equity and good conscience require restitution from Defendant Western Express Inc. to Plaintiff Mike's Heavy Duty Towing Inc.

202.   By reason of the foregoing, Plaintiff Mike's Heavy Duty Towing Inc. has been damaged by Defendants, and demand judgment against Defendant Western Express Inc. in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees.

## <u>AS AND FOR A TENTH CLAIM FOR RELIEF FOR ACCOUNT STATED AGAINST<br>DEFENDANT WESTERN EXPRESS INC.</u>

203.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "202" of this complaint, with the same force and effect as if more fully set forth at length herein.

204.   Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc. engaged in a transaction where Plaintiff Mike's Heavy Duty Towing Inc. provided towing and removal of a Truck at the specific instance and request of Defendant Western Express Inc.

205.    Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc. engaged in a transaction where Plaintiff Mike's Heavy Duty Towing Inc. purchased rims and tires for Defendant Western Express Inc. at the specific instance and request of Defendant Western Express Inc.

206.    Plaintiff Mike's Heavy Duty Towing Inc. and Defendant Western Express Inc. agreed to the correctness of the account items and the balance due, and Defendant Western Express Inc. stated to Plaintiff Mike's Heavy Duty Towing Inc. was being sent by Defendant Western Express Inc. to Plaintiff Mike's Heavy Duty Towing Inc.

207.    Defendant Western Express Inc. expressly promised to pay the sum of $12,374.73 to Plaintiff Mike's Heavy Duty Towing Inc.

208.    Defendant Western Express Inc. implicitly promised to pay the sum of $12,374.73 to Plaintiff Mike's Heavy Duty Towing Inc.

209.    An account stated was sent by Plaintiff Mike's Heavy Duty Towing Inc. to Defendant Western Express Inc. and received by and accepted by Defendant Western Express Inc. and not rejected.

210.    By reason of the foregoing, Plaintiff Mike's Heavy Duty Towing Inc. has been damaged by Defendants, and demand judgment against Defendant Western Express Inc. in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

A.     On the first claim for relief against Defendants for defamation in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

B.     On the second claim for relief against Defendants for civil conspiracy in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

C.     On the third claim for relief against Defendants for intentional infliction of emotional distress in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

D.     On the fourth claim for relief against Defendants for fraud in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

E.     On the fifth claim for relief against Defendants for injurious falsehood in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

F.     On the sixth claim for relief against Defendants for malicious prosecution in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

G.     On the seventh claim for relief against Defendants for tortious interference in an amount to be determined at trial but anticipated to be no less than $2,500,000, plus interest, costs, disbursements and attorney's fees;

H.     On the eighth claim for relief against Defendant Western Express Inc. for breach of contract, in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees;

I.     On the ninth claim for relief against Defendant Western Express Inc. for unjust enrichment, in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees;

J.     On the tenth claim for relief against Defendant Western Express Inc. for account stated, in an amount to be determined at trial but anticipated to be no less than $15,000, plus interest, costs, disbursements and attorney's fees; and

K.     granting such other relief as may be proper.

Dated:     January 19, 2020
           Great Neck, New York

_____
Gary Rosen, Esq. (GR-8007)
ROSEN LAW LLC
Attorneys for Plaintiffs
216 Lakeville Road
Great Neck, New York 11020
516-437-3400

**DOCKET NO.** 20-CV-314
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SALVATORE MAZZIO**
**MICHAEL MAZZIO and**
**MIKE'S HEAVY DUTY TOWING INC.**

                         Plaintiffs,

     - against -

**EVAN SADLER**
**JEFFREY M. PATTY,**
**JEREMY ALLEN,**
**ERIK WILKINSON, and**
**WESTERN EXPRESS INC.**

                    Defendants.

## COMPLAINT

**SIGNATURE (RULE 130-1.1a)**

_____
**GARY S. ROSEN, ESQ. (GR-8007)**

               **ROSEN LAW LLC**
             **216 Lakeville Road**
        **Great Neck, New York 11020**
            **(516) 437-3400**